UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KIM LEE MILLBROOK,
    Plaintiff,

vs.                              07-4023

DEFENDANT GILBERT CADY, et. al.,
    Defendants.

## CASE MANAGEMENT ORDER #1

    This cause is before the court for case management hearing. The plaintiff appeared pro se. Defendants Gilbert Cady and Robert Streight were represented by Attorney Eli Rosenblum.

    The plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Henry County Jail. The court conducted a merit review of the plaintiff's complaint on June 25, 2007 and found that the plaintiff had the following surviving claims against Defendants Sheriff Gilbert Cady, Jail Administrator Robert Streight, Dr. Cullinan and Nurse Chuyann:

    a) Defendants Dr. Cullinan and Nurse Chuyann were deliberately indifferent to the plaintiff's serious medical condition.

    b) Defendant Streight violated the plaintiff's due process rights based on the plaintiff's inhumane living conditions.

    c) Defendant Streight violated the plaintiff's due process rights based on the placement of the plaintiff as a pretrial detainee.

    Defendant Cady responded by filing a motion to dismiss claiming that the plaintiff had failed to state any specific allegations against him and none were noted in the merit review order. [d/e 28] Since the plaintiff is proceeding pro se, he was advised that he would be given an opportunity to explain Sheriff's Cady's involvement in his claims during the case management hearing. *See* August 23, 2007 Text Order.

    Instead, the plaintiff responded by filing a motion to continue asking for additional time to do research and file a response to the motion to dismiss. [d/e 32]. The motion is denied. The defendant's involvement is a factual issue and not one that can be found in a lawbook.

    The court notes that the mere fact that Defendant Cady has a supervisory position is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871,

877 (7th Cir. 1992). Defendants cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). For a supervisor to be held liable under 42 U.S.C. § 1983, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . . ." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)

The plaintiff was asked why he named Sheriff Cady as a defendant. The plaintiff stated that when he failed to get any response to his claims concerning the inhumane living conditions and the violation of his due process rights, he attempted to talk to the sheriff about his concerns and also wrote to the sheriff. The plaintiff says he received no response.

The court finds that the plaintiff has adequately alleged that Defendant Cady violated his due process rights as a pretrial detainee. The plaintiff did not claim that the defendant was deliberately indifferent to his serious medical need and it appears the plaintiff has identified the correct medical personnel for this allegation. *See McEachern v. Civiletti*, 502 F.Supp. 532, 534 (N.D.Ill.1980) (administrators usually have no medical expertise and therefore must rely on health care professionals to assess the needs of prisoners and initiate treatment.)

**IT IS THEREFORE ORDERED:**

**1) The plaintiff's motion to continue consideration of the motion to dismiss is denied. [d/e 35]**

**2) Defendant Cady's motion to dismiss the claims against him is denied. [d/e 28]**

**3) Upon further review of the plaintiff's complaint, the court finds that the plaintiff states the following federal claims against the defendants in their individual capacities:**

   **a) Defendants Dr. Cullinan and Nurse Chuyann were deliberately indifferent to the plaintiff's serious medical condition.**

   **b) Defendants Cady and Streight violated the plaintiff's due process rights based on the plaintiff's inhumane living conditions.**

   **c) Defendants Cady and Streight violated the plaintiff's due process rights based on the placement of the plaintiff in administrative lock down.**

**3) Defendant Cady must file an answer to the complaint on or before September 14, 2007.**

**4) The court will abide by the following scheduling deadlines: 1) all discovery must be completed on or before April 11, 2008; and 2) any dispositive motions must be filed on or before May 16, 2008.**

**4) As previously noted, this case is set for further hearing on October 25, 2007 at 1:30 p.m. by telephone conference call to determine the status of Defendants Cullinan and Chuyann. The clerk is to issue a writ for the plaintiff's participation in the conference call.**

Entered this 5th Day of September, 2007.

                **s\Harold A. Baker**

        _____
                HAROLD A. BAKER
          UNITED STATES DISTRICT JUDGE